UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY BLANDING,

                     Petitioner,

        -v-

BRUCE YELICH,

                     Respondent.

17-CV-1762 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      On May 29, 2013, Petitioner Johnny Blanding pleaded guilty to attempted assault in the first degree in New York state court. He is currently serving a seven and a half year sentence. Blanding now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Proceeding *pro se*, he argues (1) that his guilty plea was not knowing, intelligent, and voluntary; (2) that his trial counsel was ineffective for waiving his right to testify before a grand jury; and (3) that his counsel on direct appeal was ineffective. For the reasons that follow, the petition is denied.

**I.    Background**

      On October 22, 2012, a New York County grand jury issued an indictment against Blanding, charging him with one count of attempted murder in the second degree pursuant to N.Y. Penal Law §§ 110.00, 125.25(1); two counts of attempted assault in the first degree pursuant to N.Y. Penal Law §§ 110.00, 120.10(1); one count of assault in the second degree pursuant to N.Y. Penal Law § 120.05(2); and one count of criminal possession of a weapon in the third degree pursuant to N.Y. Penal Law § 265.02(1). (Dkt. No. 13 ("SR") at 105–06, 108.)

      On May 29, 2013, Blanding pleaded guilty to one count of attempted assault in the first degree. (SR at 390, 411–13.) In a hearing held that morning and before Blanding had agreed to

1

the plea deal, the trial judge explained to Blanding on the record the costs and benefits of pleading guilty, the nature of the charges against him, and his maximum sentencing exposure, which included the possibility a life sentence. (SR at 394–5.) Throughout this hearing, the judge stressed that Blanding should "take as much time as [he] need[ed]" to talk to his lawyer to ensure he was fully informed, repeatedly offering Blanding extra time to discuss any deal with counsel. (*See, e.g.* SR at 393, 395, 402.) After learning the status of the ongoing plea negotiations, the trial judge adjourned the morning hearing for an extended recess to allow the parties additional time to finalize a plea deal, or, alternatively, to prepare for trial proceedings. (SR at 402.)

Upon reconvening following the recess, defense counsel informed the trial judge that the parties had reached a plea deal. (SR at 403–4.) Pursuant to the terms of the deal, Blanding would plead guilty to one of the first degree attempted assault charges, and he would be sentenced to seven and a half years' incarceration followed by five years of post-release supervision. (*Id.*) Prior to accepting the plea, the trial judge explained to Blanding that "I have to . . . ask you some questions. If I'm satisfied with your answers, I am permitted to take your plea." (SR at 404–05.) In answering the trial judge's questions, Blanding affirmed that he understood that he was waiving certain rights by pleading guilty and that he understood the charge to which he was pleading. (SR at 405–13.) Most relevant to this petition are Blanding's statements reflecting that he understood the trial judge's questions, that he wished to waive his right to a jury trial, that he was satisfied with his attorney's advice and representation, and that his plea deal was uncoerced and the byproduct solely of his own free will. (SR at 406–08, 410.)

Prior to sentencing, Blanding filed a *pro se* motion to withdraw his guilty plea. (SR at 418–19.) Blanding argued that the court lacked jurisdiction, that his counsel had lied to him about the court's jurisdiction, and that his counsel had lied to him about adopting his *pro se*

2

motion to testify before the grand jury. (SR at 418–22.)[1] The trial judge ruled that the court had jurisdiction over Blanding and that counsel had not lied to Blanding about filing his motion to testify before the grand jury, but rather had only told Blanding that he would consider filing the motion. (*Id.* at 424, 426.) Having disposed of Blanding's motion to withdraw his plea, the trial judge proceeded with scheduling Blanding's sentencing. (SR at 428–30.)

Blanding's sentencing was held on June 21, 2013. (Dkt. No. 14 at 41.) At the start of the hearing, Blanding attempted to fire his new counsel and renewed his jurisdictional objections in another *pro se* motion to withdraw his plea. (Dkt. No. 14 at 43–44.) Blanding's jurisdictional objection, parts of which the trial judge read into the record, was premised on his being a "living breathing, noncorporate entity," the 11th Amendment, the 1958 81st Congress, and the Bar Association being run by communists. (Dkt. No. 14 at 45.) The judge denied Blanding's motion, but Blanding continued to interrupt the judge throughout the sentencing, exclaiming "I deny the judgment of this [c]ourt" and asking "why I can't go to trial? You tell me? Give me one good reason?" (Dkt. No. 14 at 46–47, 49.) Over Blanding's continuing objections, the judge sentenced him to seven and a half years' imprisonment with five years of post-release supervision. (Dkt. No. 14 at 49–50.)

On January 27, 2014, Blanding filed a *pro se* motion to vacate the judgment, arguing that the court lacked jurisdiction, that his plea was involuntary, and that his counsel was ineffective for waiving his right to testify before the grand jury. (SR at 1–10.) The trial judge denied the motion, holding that "any claim of fraud, duress, or misrepresentation . . . is belied by the plea minutes and unsupported by any sworn allegations of fact" (SR at 24), that Blanding's counsel

---

[1] Blanding's withdrawal motion is not part of the record, but the record contains a transcript of the hearing at which the trial judge addressed and ruled on the merits of the motion. (SR at 417–30).

3

had a sound strategic basis for not letting Blanding testify before the grand jury (SR at 22–23), and that Blanding's "vague claim of a lack of jurisdiction" was unfounded. (SR at 23.)

The Appellate Division of the New York Supreme Court, First Department, granted Blanding leave to appeal the denial of his motion to vacate, which was consolidated with his direct appeal. (SR at 25.) The Appellate Division subsequently affirmed Blanding's conviction in May 2016. *People v. Blanding*, 30 N.Y.S.3d 864 (App. Div. 1st Dep't 2016). Counsel for Blanding on direct appeal had argued that the trial judge had improperly coerced his plea deal and that his seven and a half year sentence was excessive. (SR at 197, 205.) The Appellate Division held that Blanding had failed to preserve the objection to the trial judge's allegedly coercive statements because Blanding premised his original plea withdrawal motion "on completely different grounds." *Blanding,* 30 N.Y.S.3d at 865. As an alternative holding, the Appellate Division also rejected the argument on the merits, holding that "the plea was knowingly, voluntarily, and intelligently entered, and that the court's accurate description of the potential consequences of a conviction after trial was not coercive." *Id.* Finally, the Appellate Division found "no basis for reducing the sentence" and that Blanding's claim that his trial counsel was ineffective was "without merit." *Id.* Blanding filed for leave to appeal to the New York Court of Appeals (SR at 307–10), but leave was denied in August 2016. *People v. Blanding*, 28 N.Y.3d 927 (2016).

On September 15, 2016, Blanding filed a *coram nobis* motion to set aside his conviction. (SR at 315.) Blanding argued that appellate counsel was ineffective in failing to argue that trial counsel was ineffective for not seeking a competency examination and for not informing Blanding at the plea hearing that he was not in fact facing a life sentence. (SR at 320–25.) The Appellate Division summarily denied the *coram nobis* motion, *People v. Blanding*, M-4874,

4

2017 WL 473531 (N.Y. App. Div. 1st Dep't Feb. 2, 2017), and the Court of Appeals denied Blanding leave to appeal. *People v. Blanding*, 29 N.Y.3d 1029 (2017).[2] Blanding filed this habeas petition on March 9, 2017. (Dkt. No. 1).

## II. Legal Standard

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). In addition, "[f]ederal habeas courts generally refuse to hear claims 'defaulted . . . in state court pursuant to an independent and adequate state procedural rule.'" *Johnson v. Lee*, 136 S. Ct. 1802, 1803 (2016) (quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)).

If a claim subject to federal habeas review has been "'adjudicated on the merits' by the state court," federal courts review the state court decision according to "the deferential standard" set out in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Earley v. Murray*, 451 F.3d 71, 74 (2d Cir. 2006) (quoting 28 U.S.C. § 2254(d)). Under AEDPA, a federal court must defer to the state court's legal determination of any matter "adjudicated on the merits" unless the state court's decision either: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

---

[2] Blanding has since filed a second motion to vacate in state court, which remains pending on appeal. (SR at 358–68.) Despite that still-pending appeal, the current petition is not barred by the exhaustion doctrine because Blanding fully exhausted all of the arguments raised herein. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (permitting district courts to hear habeas petitions containing exclusively exhausted claims while petitioner is still in process of exhausting other claims). In any event, the state makes no exhaustion argument, and the Court declines to do so *sua sponte*. *See Day v. McDonough*, 547 U.S. 198, 205–6 (2006) ("[C]ourts are under no *obligation* to raise . . . *sua sponte*" issue of exhaustion because it is "nonjurisdictional.").

U.S.C. § 2254(d). The AEDPA standard is "difficult to meet," and requires "that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 171 (2011) (first quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011), second quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)) (internal quotation marks omitted).

### III. Discussion

Blanding bases his petition for habeas corpus on three grounds: (1) that his guilty plea was not knowing, intelligent, or voluntary; (2) that his trial counsel was ineffective for waiving his right to testify before a grand jury; and (3) that his appellate counsel was ineffective. The Court addresses each in turn.

#### A. Ground 1: Involuntary Guilty Plea

Blanding argues that his guilty plea should be vacated because it was "not knowing, intelligent, and voluntary" but rather "resulted from inappropriate pressure by the court." (Dkt. No. 1 at 5.) Blanding presented this same argument on direct appeal (Dkt. No. 1 at 2; SR at 186), and the Appellate Division rejected this claim as unpreserved. *Blanding*, 30 N.Y.S.3d at 865; *see also* N.Y. Crim. Proc. § 470.05(2). Courts in this Circuit have held that New York's preservation rule is an independent and adequate state procedural rule that bars habeas review. *See, e.g.*, *Downs v. Lape*, 657 F.3d 97, 103–04 (2d Cir. 2011); *Richardson v. Green*, 497 F.3d 212, 220 (2d Cir. 2007). Accordingly, federal habeas review of Blanding's claim is barred. *Beard v. Kindler*, 558 U.S. 53, 55 (2009) ("A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" (quoting *Coleman*, 501 U.S. at 729 (1991))).

"The only way to escape dismissal of a procedurally defaulted claim is to show either (1) 'cause for the default and prejudice' or (2) that the petitioner is 'actually innocent' of the crime

6

for which he was convicted." *Cruz v. Uhler*, 16 Civ. 8852, 2018 WL 1441390, at *3 (S.D.N.Y. Mar. 22, 2018) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001)). Blanding has made no such showing. Though mindful of Blanding's status as a *pro se* petitioner and the Court's attendant obligation to construe his claims liberally, *see Varszegi v. Armstrong*, 205 F.3d 1327 (Table), 2000 WL 253697, at *1 (2d Cir. Mar. 6, 2000), the Court sees no grounds on which Blanding could have premised any argument excusing his procedural default. The record clearly establishes that Blanding did in fact premise his initial plea withdrawal motion only on challenges to the trial court's jurisdiction over him (SR at 1–10), amply supporting the Appellate Division's rejection of Blanding's claim that the trial judge coerced his guilty plea as unpreserved. *Blanding*, 30 N.Y.S.3d at 865. This claim is thus barred from habeas review on adequate and independent state law grounds.

### B. Ground 2: Ineffective Assistance of Trial Counsel

Blanding's second proffered ground is that his trial counsel was ineffective for waiving Blanding's right to testify before the grand jury. (Dkt. No. 1 at 7.) It is well settled that entering a guilty plea waives "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. [Petitioner] may only attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Because federal habeas review is limited to the voluntariness of Blanding's plea, counsel's failure to facilitate his testimony before the grand jury is not a cognizable claim for relief. *See Padilla v. Brady*, 13 Civ. 7908, 2015 WL 394090, at *8 (S.D.N.Y. Jan. 29, 2015) ("[W]here a petitioner has pled guilty, federal habeas review is limited to the voluntariness of the plea, and a petitioner 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel' was ineffective.") (quoting *Tollett*, 411 U.S. at 267).

7

In any event, an ineffective assistance of counsel claim premised on waiver of a state right to testify before the grand jury is never subject to federal habeas review. There is no federal constitutional right to be indicted by a grand jury prior to trial in a state criminal action. *See Alexander v. Louisiana*, 405 U.S. 625, 633 (1972). Instead, Blanding's right to testify before the grand jury was entirely a matter of state law. N.Y. Crim. Proc. § 190.50. Federal courts have consistently held that there is no federal constitutional violation for counsel's alleged ineffective assistance for failure to vindicate a criminal defendant's right to testify before a grand jury. *See Montalvo v. Annetts*, 02 Civ. 1056, 2003 WL 22962504, at *24 (S.D.N.Y. Dec. 17, 2003) ("There is no federally-cognizable ineffective assistance claim concerning advice regarding the state grand jury process.") (citing cases); *see also Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (holding that state grand jury rights are "*a fortiori* foreclosed in a collateral attack brought in a federal court."). Because any violation of Blanding's state right to testify in front of the grand jury could not possibly implicate a "violat[ion of] the Constitution, laws, or treaties of the United States," *see Estelle*, 502 U.S. at 68, it is barred from federal habeas review.

## C. Ground 3: Ineffective Assistance of Appellate Counsel

Blanding lists his third ground as "ineffective assistance of appellate counsel on direct appeal." (Dkt. No. 1 at 8.) Blanding does not articulate a specific basis for his appellate counsel's ineffectiveness, so the Court construes this ground as raising the same claims presented by Blanding in his *coram nobis* petition: that appellate counsel was ineffective for failing to raise the claims that trial counsel was ineffective for (1) not informing him at the plea proceeding that he was not facing a life sentence upon conviction after trial, and (2) failing to seek a competency examination. (SR at 320–25.)

Under *Strickland v. Washington*, 466 U.S. 668 (1984), in order to prevail on a claim of ineffective assistance of counsel, a petitioner "must (1) demonstrate that his counsel's

8

performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." *Cornell v. Kirkpatrick*, 665 F.3d 369, 375 (2d Cir. 2011) (quoting *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008)). The same test applies to ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). With respect to the reasonableness prong, courts "strongly presume" that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 690). As to the prejudice prong, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Here, the New York Appellate Division rejected Blanding's ineffective assistance of appellate counsel argument in a summary order. *Blanding*, 2017 WL 473531. On federal habeas review of an ineffective assistance claim decided on the merits by a state court, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). This analysis requires "doubly deferential judicial review." *Id.* Where the state court disposed an ineffective assistance of counsel claim in a summary order, it must be left undisturbed if "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *See Richter*, 562 U.S. at 105.

The Court now turns to the specific ineffective assistance of appellate counsel arguments raised by Blanding's present habeas petition. First, Blanding argues that appellate counsel was ineffective for failing to argue that his trial counsel was ineffective for not "ever appris[ing] [Blanding] that he [was] not facing a life sentence" if he chose to go to trial. (SR at 322.) This claim fails because appellate counsel could have reasonably determined that trial counsel was not ineffective for failing to so apprise Blanding. This is because the range of sentences presented by the trial judge to Blanding before he pleaded guilty was entirely accurate – Blanding indeed could have faced a life sentence upon conviction of the charges presented in the indictment against him. N.Y. Crim. Proc. § 400.20. "Actions or omissions by counsel that 'might be considered sound trial strategy' do not constitute ineffective assistance." *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005) (internal quotation marks omitted) (quoting *Strickland*, 466 U.S. at 689); *see also Rodriguez v. Uhler*, 15 Civ. 5075, 2017 WL 354180, at *9 (S.D.N.Y. Jan. 24, 2017) (collecting cases). The state court could have reasonably concluded that appellate counsel wisely declined to argue this point because it was meritless.

Second, Blanding argues that appellate counsel was ineffective for failing to argue that trial counsel was ineffective in declining to seek a competency examination. Blanding argues that "[i]t is obviously supported by the record that [he] suffer[ed] from a mental disability" (SR at 323), and that appellate counsel should have argued that trial counsel was ineffective for not observing Blanding's mental disability and notifying the trial court prior to entering Blanding's plea.

This argument fails for two reasons. First, appellate counsel *did* make an argument on direct appeal relating to Blanding's mental disability and its impact on the voluntariness of his sentencing. (SR at 197 ("[T]he court applied impermissible pressure to coerce Mr. Blanding, a

10

man with . . . mental illness, and a learning disability.").) Appellate counsel's choice of the legal context in which to highlight her client's mental illness is part and parcel of her "exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. at 189. Because this "might be considered sound trial strategy[, it can]not constitute ineffective assistance." *Henry*, 409 F.3d at 63. Second, all of the evidence that Blanding relies upon to demonstrate trial counsel's allegedly deficient failure to recognize his client's mental disability came from his sentencing hearing, which was *after his plea*. (SR at 323–25). Accordingly, it was reasonable for appellate counsel to conclude that there was no evidence in the trial record that would support an argument that trial counsel was deficient for believing that Blanding was competent to plead guilty. Blanding is therefore unable to demonstrate the state court's determination as to this claim was unreasonable.

**IV. Conclusion**

For the foregoing reasons, Blanding's petition for a writ of habeas corpus is DENIED. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not be issued. *See* 28 U.S.C. § 2253(c)(2). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October 9, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*

11