UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY BLANDING,

                Plaintiff,

    -v-

BRUCE YELICH,

                Defendant.

17-CV-1762 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Petitioner John Blanding filed this action *pro se* on March 8, 2017, seeking a writ of habeas corpus. (Dkt. No. 1.) Pursuant to this Court's Opinion and Order dated October 9, 2018, the Clerk of Court entered a Judgment on October 10, 2018 denying Blanding's petition and closing this case. (Dkt. Nos. 23, 24.)

    On December 23, 2018, Petitioner submitted a notice of motion seeking the following relief: "The police officer's Threw away the Evidence cause the Stop and search and found Drugs in my Pocket and arrested and fruit of the poisoness [sic] tree." (Dkt. No. 27.) In support of his motion, Petitioner submitted a declaration outlining Petitioner's views on corruption among law enforcement officials and restating the grounds on which he originally sought habeas relief. (Dkt. No. 28 at 1–2.) Petitioner attached to his declaration excerpts from past filings in this case, annotated with Petitioner's commentary. (Dkt. No. 28 at 3–19.) Nowhere in Petitioner's notice of motion or supporting declaration does Petitioner cite any facts or law not previously before the Court at the time of the Court's October 9, 2018 Opinion and Order.

    The Court liberally construes this submission as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend a judgment, and, in the alternative, as a motion under Federal Rule of Civil Procedure 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau*

1

*of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 92, 101 (2d Cir. 2010) (reasoning that "the solicitude ordinarily afforded to *pro se* litigants" takes a variety of forms, including "liberal construction of" papers, "relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)). After carefully reviewing the arguments in Petitioner's submission, the Court denies the motion.

The standards governing Rule 59(e) motions are exacting. "In this Judicial Circuit the standard for granting a Rule 59(e) motion 'is strict, and reconsideration will generally be denied.'" *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Ursa Minor Ltd. v. Aon Fin. Prods., Inc.*, No. 00 Civ. 2474, 2000 WL 1279783, at *1 (S.D.N.Y. Sept. 8, 2000)). In order "to ensure finality and to prevent the practice of a losing party examining a decision and then plugging the gaps," courts in this District have deemed "a motion for reconsideration [ ] appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were *put before it on the underlying motion* . . . and which, had they been considered, might have reasonably altered the result before the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (internal quotation marks omitted).

Here, Petitioner has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Petitioner's motion under Rule 59(e) is therefore denied.

To the extent that Petitioner seeks relief under Rule 60(b), the motion is also denied. Rule 60(b) provides that a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Petitioner has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply. And with respect to clause six, a Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). As already explained, Petitioner has failed to introduce any new facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199–202 (1950) (reasoning that the "voluntary, deliberate, free, untrammeled choice of petitioner not to appeal" did not constitute "extraordinary circumstances" entitling him to relief under Rule 60(b)(6)). Therefore, Petitioner is not entitled to relief under Rule 60(b).

For the foregoing reasons, Blanding's motion at Docket Number 27 is DENIED.

SO ORDERED.

Dated: January 3, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*